IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL TEE STOKES SR., | |
| Plaintiff, | 4:16CV3027 |
| v. | |
| SCOTT WHITE, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff Michael Tee Stokes, Sr., a prisoner at the Nebraska State Penitentiary, has been granted leave to proceed in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, the court finds that Plaintiff's pleadings do not state any claims on which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that while he was incarcerated for 10 months at the Kearney County Jail beginning in May 2014, Sheriff Scott White ignored his numerous requests for medical care related to severe back pain. Plaintiff's worsening back condition prevented him from bending over and sitting, caused pain to shoot up his back and numbness in his legs, and required other inmates to help Plaintiff stand up. Plaintiff claims that White aggressively told him that Kearney County "did not have the money to pay for a MRI" and "he'd send [Plaintiff] to prison and they could pay for it." (Filing No. 1 at CM/ECF p. 5.) Plaintiff asserts that had White not intentionally ignored his repeated requests for treatment, he would not have been forced to endure a later-diagnosed herniated disc, pinched nerve, and spinal surgery.

Plaintiff claims that four other inmates were given medical aid, but Plaintiff's complaints went ignored.

Plaintiff states that after he was sentenced in March 2015, he was moved to other correctional institutions, where his pain increased and he completely lost mobility. He eventually received X-rays, pain medication, and spinal surgery, but he still suffers pain. Plaintiff requests money damages and injunctive relief, claiming that defendant White violated his rights to medical care under the Eighth Amendment and to equal protection. Plaintiff also alleges "Racial discrimination," which presumably relates to his equal-protection claim.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v.*

*JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Plaintiff does not specify whether he sues defendant White in his individual or official capacity. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n. 1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Plaintiff's claims against

3

defendant White in his official capacity are actually asserted against Kearney County, Nebraska.[1]

As a municipal defendant, Kearney County may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental "custom," a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

---

[1]Sovereign immunity is not an issue in this case because only states and arms of the state possess sovereign immunity from suits authorized by federal law. *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006). The Supreme Court has repeatedly refused to extend sovereign immunity to counties. *Id.*

Plaintiff's Complaint does not "contain 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the [defendant].'" *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1099 (D. Neb. 2015) (quoting *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Because of these omissions, Plaintiff has failed to allege a cognizable claim against defendant White in his official capacity—that is, Plaintiff has failed to allege facts suggesting that a Kearney County "policy" or "custom" caused a violation of Plaintiff's constitutional rights to medical care under the Eighth Amendment and to equal protection. However, because I shall grant Plaintiff leave to file an amended complaint, I shall discuss the law applicable to Plaintiff's claims.

## **A. Eighth Amendment Claim**

Plaintiff alleges that he was first held at the Kearney County Sheriff's Department when "he hadn't been found guilty," (Filing No. 1 at CM/ECF p. 5), and was then "sentenced and transferred from Phelps County to (D & E) Diagnostics and Evaluation Center in Lincoln," and is now at the Nebraska State Penitentiary ("NSP"). While Plaintiff claims that his medical complaints were ignored at all institutions other than the NSP, he only sues Scott White, Sheriff of the Kearney County facility, where Plaintiff was apparently a pretrial detainee.

A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's due process clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case despite plaintiff Stokes's apparent status as a pretrial detainee.

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

[Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011)](#) (internal quotations and citations omitted). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." [Id.](#) (internal quotation and citation omitted).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

[Id. at 914-15](#) (internal quotations and citations omitted).

Here, Plaintiff has failed to allege facts indicating that Kearney County had a "policy" or "custom" of deliberately disregarding inmates' known, objectively serious medical needs which caused defendant White, in his official capacity, to violate Plaintiff's constitutional rights to medical care under the Eighth Amendment.

**B. Equal-Protection Claim**

Plaintiff alleges that he was subject to [r]acial discrimination" and that four other inmates "had been given medical aid," whereas he had not. I liberally construe these allegations to be a purported equal-protection claim based on race.

6

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). "Dissimilar treatment of dissimilarly situated persons does not violate equal protection." *Klinger*, 31 F.3d at 731 (citation omitted). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that []he was treated differently than others who were similarly situated to [him]. Absent a threshold showing that []he is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.* (citations omitted).

Here, Plaintiff alleges dissimilar treatment, but he does not identify his race or the race and health circumstances of the other inmates who supposedly received favorable treatment. Without such allegations, Plaintiff cannot state an equal-protection claim.

## C. Leave to Amend

On the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to state a claim against the defendant upon which relief can be granted. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment and dismissal of claims.

Accordingly,

IT IS ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an amended complaint that states a claim on which relief may be granted

against the defendant. Failure to file an amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff; and

2.  The clerk of the court is directed to set the following pro se case management deadline: July 8, 2016: check for amended complaint.

DATED this 7th day of June, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge