IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL TEE STOKES SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3027 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SCOTT WHITE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on its own motion. On June 7, 2016, the court ordered Plaintiff Michael Tee Stokes, Sr., to amend his Complaint to state a claim upon which relief may be granted. (Filing No. 7.) After receiving an extension of time (Filing No. 9), Plaintiff filed an Amended Complaint (Filing No. 10) on July 12, 2016.

    The court has carefully reviewed Plaintiff's Amended Complaint. In light of the liberal construction afforded to pro se litigants' pleadings, the court finds that Plaintiff has complied with the court's Memorandum and Order dated June 7, 2016. Specifically, Plaintiff has now specified that Defendant is sued in his official and individual capacities; has alleged several facts suggesting that Kearney County had a policy or custom of deliberately disregarding black inmates' known, objectively serious medical needs in violation of Plaintiff's constitutional right to medical care under the Eighth Amendment; and has alleged that he was subject to unfavorable and dissimilar treatment than that afforded to his fellow white inmates, in violation of Plaintiff's right to equal protection.

Accordingly, Plaintiff's Eighth Amendment and equal protection claims[1] against defendant Scott White in his individual and official capacities may proceed to service of process. Although the court finds that Plaintiff's claims may proceed against Defendant, the court cautions him that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

Plaintiff's Amended Complaint also contains a request to appoint counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. This matter may proceed to service of process as to Plaintiff's Eighth Amendment and equal protection claims against defendant Scott White in his individual and official capacities.

2. The clerk of the court is directed to send to Plaintiff a copy of the Amended Complaint, a copy of this Memorandum and Order, and 2 summons forms and 2 USM 285 Forms for service on defendant Scott White in his individual and official capacities. (See attached Notice Regarding Service.)

---

[1] See the court's discussion of the elements of such claims in its order on initial review. (Filing No. 7.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. (*See* this court's General Order No. 2015-06.)

3. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendant, together with a copy of the Amended Complaint.

4. The clerk of the court is directed to set the following pro se case management deadline: December 21, 2016: check for completion of service of process.

5. Plaintiff's request to appoint counsel is denied.

DATED this 18th day of August, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendant individually; and also (2) the chief executive officer or clerk of Kearney County, Nebraska. *See* Neb. Rev. Stat. § 25-510.02(2).

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.