IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL TEE STOKES SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3027 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| SCOTT WHITE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, currently an inmate at the Nebraska State Penitentiary, brings this 42 U.S.C. § 1983 action against Scott White, Sheriff of Kearney County, alleging violations of his right to medical care and equal protection when White ignored Plaintiff's repeated requests for medical care for his severe back pain while Plaintiff was being held at the Kearney County Jail, presumably as a pretrial detainee. Plaintiff alleges that Kearney County had a policy or custom of deliberately disregarding black inmates' known, objectively serious medical needs, and that he received unfavorable and dissimilar treatment compared with that afforded to his fellow white inmates. There are three motions pending.

**Motion to Require Compliance With Subpoena**

Defendant issued a subpoena to a third party, the Nebraska Department of Correctional Services ("NDCS"), requesting that it produce "[t]he complete inmate file" of Plaintiff, including "all" medical documents, nurses' notes, grievances, correspondence, "kites," classification documents, housing assignment documents, disciplinary documents, mail sent and received, video and audio recordings, phone call logs, and visitor logs from March 12, 2015, to the present date, in addition to a list of Plaintiff's cell mates during that time period. (Filing 41-2.)

NDCS objected to the subpoena, stating that Neb. Rev. Stat. § 83-178(2)[1] provides that inmate medical files can only be released with Plaintiff's authorization or a court order, and inmate institutional files can only be released pursuant to a court order. (Filing 41-3.) *See* Fed. R. Civ. P. 45 (procedures for issuing and objecting to subpoenas). Defendant has now filed a Motion for Court Order Requiring Compliance With Subpoena directing NDCS to produce "all of the medical and institutional records" for Plaintiff. (Filing 40.)

In support of his motion, Defendant argues that Plaintiff himself requested his institutional record,[2] so "[i]t follows" that "Plaintiff would not oppose Defendants obtaining said records and subsequently submitting said records . . . in supplemental discovery responses to Plaintiff." (Filing 41 at CM/ECF p. 2.) Defendant also asserts that he must have access to all of Plaintiff's medical and institutional records in order to "fully and thoroughly defend" Plaintiff's claims. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of discovery allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." If the

---

[1] Section 83-178 requires the Director of Correctional Services to establish and maintain an individual file for each inmate committed to NDCS, and

> [t]he content of the file shall be confidential and shall not be subject to public inspection except by court order for good cause shown and shall not be accessible to any person committed to the department. An inmate may obtain access to his or her medical records by request to the provider pursuant to sections 71-8401 to 71-8407 notwithstanding the fact that such medical records may be a part of his or her individual department file. The department retains the authority to withhold mental health and psychological records of the inmate when appropriate.

[2] I must accept counsel's word that Plaintiff made such a request, as the copy of Plaintiff's supposed demand for his institutional file is unreadable. (Filing 41-1.)

2

proposed discovery falls outside this scope, "the court must limit the frequency or extent of discovery otherwise allowed by" the rules. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Obviously, Plaintiff's institutional medical records are relevant to his constitutional claims. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) (considering prison medical records as to issue of whether prison officials responded to and provided treatment for inmate's medical needs); *Gard v. Dooley*, No. 4:14-CV-04023, 2015 WL 9451044, at *7 (D.S.D. Dec. 23, 2015) ("Institutional medical records are regularly relied upon by the federal courts in determining the merits of prisoner deliberate indifference claims."). However, Defendant's request for Plaintiff's complete institutional file—including all grievances, correspondence, "kites," classification documents, housing assignment documents, disciplinary documents, mail sent and received, video and audio recordings, phone call logs, visitor logs, and a list of Plaintiff's cell mates—is not proportional to the needs of this case, as the request is not limited to those items pertaining to Plaintiff's medical condition, complaints, and treatment. *See McGee v. Kurth*, No. 2:14CV14, 2014 WL 6607007, at *2 (E.D. Mo. Nov. 19, 2014) (request for inmate's entire file from Missouri Department of Corrections was overly broad).

Because Defendant's institutional-record request goes beyond what is relevant to this case, I will require NDCS to produce Plaintiff's complete medical record from March 12, 2015, to the present (¶¶ 1 & 2 of Filing 41-2, List of Documents and Other Stored Information Requested), but I shall limit production of the remaining materials (¶¶ 3-12) to those containing information about Plaintiff's medical condition, Plaintiff's medical complaints and responses thereto, and medical treatment provided to (or denied) Plaintiff. Should there be further disputes about production of this information that cause Defendant to file additional motions to require NDCS to comply with the discovery request, Defendant must certify that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure

or discovery in an effort to obtain it without court action."[3] Fed. R. Civ. P. 37(a)(1).

## **Motion to Strike**

Defendant has filed a Motion to Strike (Filing 47) several discovery requests filed by Plaintiff (Filings 43, 44, 45, 46[4]) because they were filed on March 22, 2017—well past the January 9, 2017, deadline (Filing 39) for serving interrogatories, requests for admission, and requests for production or inspection.

"Although [Plaintiff] appears pro se, he is 'bound by and must comply with all local and federal procedural rules.'" *Muhammad v. Busboom*, No. 4:15CV3136, 2017 WL 788340, at \*1 (D. Neb. Jan. 23, 2017) (quoting NEGenR 1.3(g)); *see also Blair v. City of Omaha*, No. 8:07CV295, 2009 WL 3631070, at \*6 (D. Neb. Oct. 26, 2009), *aff'd on other grounds*, 464 F. App'x 556 (8th Cir. 2012) ("Although Plaintiff is a pro se litigant, he is not excused him from complying with the court's orders.").

Accordingly, Defendant's Motion to Strike will be granted, and Plaintiff's discovery requests—filed two months late and without a request to extend the discovery deadlines—shall be stricken. *Russell v. Am. Airlines*, No. 8:08CV292, 2009 WL 2225814, at \*1 (D. Neb. July 23, 2009) (denying pro se plaintiff's motion to compel when motion was filed one month after deadline and plaintiff did not request additional time in which to serve discovery or file motion to compel).

---

[3]I note that Defendant has not so certified in the motion currently under consideration.

[4]These documents consist of a declaration by a fellow inmate (Filing 43), a revised set of interrogatories and requests for admission (Filing 44), additional requests for admission (Filing 45), and a request for production of documents (Filing 46).

## Motion for Extension of Time

Plaintiff has filed a Motion for Extension of Time for Motions to Compel Discovery and Dispositive Motions (Filing 52) which broadly requests more time to meet the deadlines set forth in the court's progression order due to limited time in the prison law library, decreased staffing, and lockdowns. This motion will be denied as moot because a Second Amended Progression Order (Filing 53) has been issued extending progression deadlines.

IT IS ORDERED:

1. Defendant's Motion for Court Order Requiring Compliance With Subpoena (Filing 40) is GRANTED in part. Specifically, within 21 days of the date of this order, the Nebraska Department of Correctional Services shall provide to Defendant the items requested in Filing 41-2 (List of Documents and Other Stored Information), limited as follows:

    a. Plaintiff's complete medical record from March 12, 2015, to the present (Filing 41-2 ¶¶ 1, 2); and

    b. All remaining materials requested (Filing 41-2 ¶¶ 3-12) only insofar as they contain information about Plaintiff's medical condition, Plaintiff's medical complaints and responses thereto, and medical treatment provided to (or denied) Plaintiff;

2. Defendant shall designate and treat the information disclosed pursuant to paragraph (1) above as confidential, and use of such documents shall be limited to this action;

3. Defendant's Motion to Strike (Filing 47) is GRANTED, and Plaintiff's discovery requests (Filings 43, 44, 45, 46) are stricken; and

4. Plaintiff's Motion for Extension of Time for Motions to Compel Discovery and Dispositive Motions (Filing 52) is DENIED as moot.

DATED this 26th day of April, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge